```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


DONOVAN ONEAL TRAHAN,            §
TDCJ #720753,                    §
                                 §
            Plaintiff,           §
                                 §
v.                               §   CIVIL ACTION NO. H-05-0173
                                 §
WILLIAM REINKEN, PA, et al.,     §
                                 §
            Defendants.          §
```

### MEMORANDUM OPINION AND ORDER

This court ordered the defendants, officials of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), to respond to a prisoner civil rights complaint. Sam Young, Warden A.C. Janicek, and William Reinken were named as defendants in this action, and each has filed a motion in response. The plaintiff has also filed two motions. The court will rule as follows:

### I. Defendant Young's Motion to Dismiss

Trahan alleges that he was denied adequate medical attention for a vision problem. He asserts that officials at the TDCJ-CID Ferguson Unit ignored the problem and that he lost sight in his right eye as a consequence. Sam Young has filed a Motion to Dismiss for Failure to State a Claim under FED. R. CIV. P. 12(b)(6)

(Docket Entry No. 13), in which he asserts that he had retired in March of 2001, two and one-half years before the complained of incident occurred.  Young further alleges that he was not employed at the Ferguson Unit during any time period complained of by Trahan.

Young asserts a fact which, if proven, would show that he could not have been personally involved in the alleged denial of medical care.  However, he fails to point to any record or affidavit in support of his assertion.  A court may not look beyond the pleadings in ruling on a motion to dismiss filed under Rule 12(b)(6).  <u>Mahone v. Addicks Utility District</u>, 836 F.2d 921 (5th Cir. 1988).  Young's motion, which relies on asserted facts, should be considered a motion for summary judgment under FED. R. CIV. P. 56(c).  In order to prevail Young must present some evidence that proves he was not employed during the time of the alleged denials.  <u>See</u> <u>Littlefield v. Forney Independent School Dist.</u>, 268 F.3d 275, 282 (5th Cir. 2001).  Young has failed to do so, therefore, his motion (Docket Entry No. 13) will be denied at this time.

### II.  <u>Defendant Janicek's Motion to Dismiss</u>

Warden A.C. Janicek has filed a motion to dismiss under FED. R. CIV. P. 12(b)(6) in which he argues that Trahan has failed to assert facts showing that he, as warden of the unit, was personally

-2-

involved in the alleged denial of medical treatment.  Janicek cites Texas statutory law, implemented on September 1, 1994, which placed the responsibility of providing health care for prisoners on officials outside of the TDCJ-CID.  See TEX. GOVT. CODE ANN. 501.051, et al.  Without citing specific legal authority or evidence, Janicek contends that he has no authority over health care workers in his unit.

A defendant may prevail in a motion filed under FED. R. CIV. P. 12(b)(6) "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations."  Giddings v. Chandler, 979 F.2d 1104, 1106 (5th Cir. 1992).  It is possible that the record will demonstrate that Warden Janicek was not deliberately indifferent to Janicek's medical needs because he was not in any way aware of them.  See, e.g., Shafer v. Carmona, 71 Fed.Appx. 350, 354 (5th Cir. 2003).  However, Janicek has not offered any evidence that would refute Trahan's claim.  Warden Janicek's position does not legally preclude him from ever being liable for an inmate's injuries as a result of deliberate indifference to the inmate's serious medical needs.  See, e.g., Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004).  As with Young, Janicek must offer some proof that he was not involved in the denial of medical care.  His motion (Docket Entry No. 14) will be denied.

### III.  Defendant Reinken's Motion for Rule 7(A) Reply

William Reinken, a health care provider with the University of Texas Medical Branch (UTMB), has filed a motion (Docket Entry No. 15) asserting qualified immunity and contends that Trahan's claims fail to specify how and when he was involved in the alleged deprivation of medical care to Trahan.  Reinken seeks a court order under Fed. R. Civ. P. 7(a) requiring Trahan to set forth concrete, specific facts that support his allegations.

Trahan has filed a response (Docket Entry No. 16) in which he alleges that Reinken was the chief health care provider at the Ferguson Unit when he suffered a vision malady.  Trahan asserts that Reinken refused to examine him on several occasions between September 18, 2003, and January 16, 2004, despite Trahan's requests for treatment.  As a prisoner, Trahan has a right to basic medical care in response to his serious medical needs.  Estelle v. Gamble, 97 S.Ct. 285, 290 (1976).  This also includes concerns about his eyesight.  See Kersh v. Derozier, 851 F.2d 1509 (5th Cir. 1988). Given the liberal interpretation to which his pro se pleadings are entitled (See Haines v. Kerner, 92 S.Ct. 594, 596 (1972).), Trahan has alleged that he has lost sight in one eye as a result of the failure of Reinken and other health care workers to treat or examine him despite their knowledge of Trahan's malady.  Trahan has asserted sufficient facts to establish a claim under 42 U.S.C. § 1983, and the defendants must present evidence to the court which

demonstrates that they were not deliberately indifferent to his serious medical needs.  Harris v. Hegmann, 198 F.3d 153, 159-60 (5th Cir. 1999).  Defendant Reinken's Motion for [a] Rule 7(A) Reply (Docket Entry No. 15) is **MOOT**.

Defendants are **ORDERED** to file a motion for summary judgment within thirty (30) days of the date of this Memorandum Opinion and Order.  If the defendants file a motion for summary judgment under FED. R. CIV. P. 56, they shall also submit a business records affidavit along with copies of any documents relevant to the plaintiff's claims and the defendants' defenses, including copies of any written TDCJ-CID regulations, UTMB regulations, or other policies relevant to the alleged events forming the basis of this lawsuit.

If the defendants fail to file a summary judgment motion within the thirty (30)-day time limit, they are **ORDERED** to file an advisory with the court explaining why a dispositive motion was not filed.  Such advisory must be filed within the thirty (30)-day time limit.

If the defendants file a motion for summary judgment or other dispositive motion, Trahan is **ORDERED** to file a response within thirty (30) days of the date the defendants mailed Trahan his copy of the motion, as shown on the defendants' certificate of service.  Trahan's failure to file a response within thirty days shall result

in dismissal of this action for want of prosecution under Rule 41(b), FED.R.CIV.P.

## IV.  Trahan's Motions

Trahan has filed a Motion to Order Lt. Tony Green (Law Library Supervisor) of the Coffield Unit to Supply Plaintiff with Paper to Do Legal Responses (Docket Entry No. 19), in which he alleges that the law librarian at the unit where he is incarcerated has refused to issue him adequate paper to file responses.  Trahan requests that this court order the law librarian to provide him with adequate legal material.  Trahan has since filed several pleadings. The motion will be denied because Trahan has not been effectively prevented from pursuing this action.  See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988).

Trahan has also filed a motion (Docket Entry No. 22) for the court to compel the defendants to file disclosures.  As noted above, one of the defendants has asserted qualified immunity.  One of the purposes of such immunity is to avoid unnecessary discovery. See Schultea v. Wood, 47 F.3d 1427, 1436 (5th Cir. 1994). Defendants have been instructed to submit a dispositive motion with appropriate supporting documentation.  Therefore, no discovery will be ordered until the summary judgment motion has been submitted and the court has reviewed it.  The motion to compel (Docket Entry No. 22) is **DENIED**.

### V. Conclusion

The court **ORDERS** the following:

1. Young's and Janicek's Motions to Dismiss (Docket Entry Nos. 13 and 14) are **DENIED**.

2. Reinken's Motion for Rule 7(A) Reply (Docket Entry No. 15) is **MOOT**.

3. Trahan's reply (Docket Entry No. 16) has been filed, and a copy was served on the defendants.

4. The defendants shall file a motion for summary judgment, and Trahan shall file a response pursuant to the provisions of this Memorandum Opinion and Order.

5. Trahan's Motion to Order Lt. Tony Green (Law Library Supervisor) of the Coffield Unit to Supply Plaintiff with Paper to Do Legal Responses (Docket Entry No. 19) and Motion to Compel Defendants Disclosure (Docket Entry No. 22) are **DENIED**.

**SIGNED** at Houston, Texas, on this 26th day of August, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE